### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | | |
|---|---|---|
| **SHAKIR AASIM VENSON,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:05-0860** |
| | ) | **(Criminal No. 3:97-0073)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 668 filed on October 28, 2005.[1] (Document No. 181.) Having fully examined the record and considered the applicable law, the undersigned finds that Movant's claim is without merit.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

By five Count Indictment filed on June 10, 1997, Movant was charged along with Mr. Lonnie Richard Daniel with conspiring to distribute and possess with the intention of distributing cocaine base in violation of 21 U.S.C. § 846 (Count One), distributing and aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two), persuading inducing and enticing a person under 18 years of age to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting it in violation of 21 U.S.C. § 861(a)(1) and 18 U.S.C. § 2 (Count Three), possessing a firearm having been convicted of a felony in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2) (Count Four), and using and carrying a firearm during and in relation to a

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

crime of violence, i.e., murder and drug trafficking in violation of 18 U.S.C. § 924(c)(1) and (2) (Count Five). United States v. Venson, Criminal No. 3:97-0073, Document No. 1. Movant pled guilty to the charges contained in Count One of the Indictment on January 7, 1998. (Id., Document No. 72.) The District Court sentenced Movant on May 6, 1998, to a 360 month term of incarceration and a five year term of supervised release and the District Court imposed a $100 special assessment and a $2,500 fine. (Id., Document No. 121.) Movant appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed. (Id., Document No. 143); United States v. Venson, 173 F.3d 427, 1999 WL 92539 (C.A.4 (W.Va.)). Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence (Id., Document No. 146.), and his Motion was denied on December 6, 2002 (Id., Document Nos. 170 and 171.) On October 28, 2005, Movant filed the instant Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Id., Document No. 181.) On July 7, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines. (Id., Document No. 212.) On August 15, 2008, the District Court granted Movant's Motion and reduced his sentence from 360 to 286 months. (Id., Document No. 224.) Movant appealed the District Court's reduction of his sentence and the Fourth Circuit affirmed. (Id., Document Nos. 236 - 239.)

      Movant asks that the District Court reduce his Offense Level and therefore his sentence pursuant to Amendment 668 of the United States Sentencing Guidelines, adopted by the United States Sentencing Commission effective November 1, 2004. Amendment 668 amended U.S.S.G. § 2D1.1(a)(3) which provided that a defendant's Base Offense Level would be that specified in the Drug Quantity Table unless the defendant received a mitigating role adjustment in which case his Base Offense Level would not be more than 30. Under 2D1.1(a)(3) as amended by Amendment 668, a defendant entitled to a mitigating role adjustment with a Base Offense Level of 32 under the Drug Quantity Table would receive a two level decrease, a three level decrease at Base Offense Level 34

and 36 and a four level decrease at Base Offense Level 38. Movant further asserts that the District Court should consider reducing his sentence because the amount of cocaine base which he allegedly conspired to distribute was not specified in the Indictment and he "is subject to a sentence of not more than twenty years."

By Order filed on October 31, 2005, the Court required Respondent to file a Response to Movant's Motion. (Document No. 184.) Respondent did so on November 23, 2005. (Document No. 188.) Citing United States v. Booker,v. 125 U.S. 738, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), and Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Respondent notes that as set forth in Movant's plea agreement and discussed by the District Court at Movant's plea hearing, Movant was subject to a statutory maximum penalty of life in prison, ten years to life in prison or thirty years in prison depending upon the amount of cocaine base involved.[2] Movant asserts that Movant's "sentence is contained within the statutory maximum under **any** of the alternative sentences he faced and the conduct to which he admitted. As it was less than life and did not exceed thirty years, Movant received a legal sentence." (Emphasis in Response.) Respecting Movant's claim that his Offense Level and therefore his sentence should be reduced under Amendment 668, Respondent asserts that (1) Amendment 668 is not listed as having retroactive application in U.S.S.G. § 1B1.10; (2) Amendment 668 is a substantive amendment, not a clarifying amendment, and it cannot therefore have retroactive effect; and (3) even if Amendment 668 can be regarded as a clarifying amendment and have retroactive effect, Movant's sentence can only be reduced after a hearing in consideration of the 18 U.S.C. § 3553(a) factors.

Movant filed a Reply on December 5, 2005. (Document No. 189.) Movant contends that

---

[2] Respondent attached a copy of Movant's plea agreement to its Response as Exhibit A.

because an amount of cocaine base was not specified in the Indictment, he can only have been subject to the maximum statutory penalty of twenty years in prison. Movant claims therefore that "[h]is sentence was not contained within the twenty years maximum statutory allowance expressly stated within the indictment charged offense of the plea agreement."  Movant argues that his "admission in his plea allocution as to the amount of drugs his offense involved does not waive the requirement that any drug quantity used to increase a sentence above the statutory maximum be charged in the indictment." Movant further asserts that even if Amendment 668 is not applied retroactively, he is still entitled to a reduction of his sentence in consideration of the 18 U.S.C. § 3553(a) factors.

## DISCUSSION

18 U.S.C. § 3582(c)(2) provides for the modification of an imposed term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10, a policy statement, authorizes the reduction of a prison term under 18 U.S.C. § 3582(c)(2) as a result of an amendment of the Guidelines under certain circumstances listing the Amendments which qualify for consideration under Section 3582(c)(2). Amendment 668 is not among the Amendments listed. A reduction of Movant's sentence would therefore not be "consistent with applicable policy statements issued by the Sentencing Commission" as Section 3582(c)(2) requires. United States v. McHan, 386 F.3d 620, 622 - 623 (4th Cir. 2004). Nor does it matter whether Amendment 668 is clarifying. United States v. Armstrong, 447 F.3d 905, 908 - 909 (11th Cir. 2003)("While consideration . . . as a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under §

3582(c)(2).")

Even if Amendment 668 were listed as qualifying for consideration under U.S.S.G. § 1B1.10 as qualifying for consideration under Section 3582(c)(2), it would not apply to Movant as the District Court determined that Movant did not qualify for a mitigating role adjustment. (Document No. 118 (Sentencing Transcript), p. 512 (District Judge Staker stated that "Mr. Venson is not entitled to a point reduction for his role in the offense . . ..")

Finally, Movant's claims arising under Apprendi and Booker are clearly not cognizable under Section 3582(c)(2). See United States v. Foster, 2007 WL 4284675 at FN. 2 (4th Cir. Va.)(unpublished)("Booker does not apply to § 3582(c)(2) motions."); United States v. Oiler, 2008 WL 5478577 (S.D.W.Va.)(District Judge Johnston)("Other courts . . . have concluded that Booker and its projeny are not applicable in § 3582(c)(2) proceedings.") also see United States v. Price, 438 F.3d 1005, 1007 (10th Cir.), cert. denied, 547 U.S. 1185, 126 S.Ct. 2365, 165 L.Ed.2d 289 (2006); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir.), cert. denied, 547 U.S. 1050, 126 S.Ct. 1643, 164 L.Ed.2d 351 (2006). Accordingly, Movant's Section 3582(c)(2) Motion requesting modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 181.) must be dismissed.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 668 filed on October 28, 2005. (Document No. 181.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*[3] and transmit a copy to counsel of record.

Date: August 9, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

[3] The Bureau of Prisons' Inmate Locator indicates that Movant is currently in custody at FCI Yazoo City, P.O. Box 5888, Yazoo City, Mississippi 39194.